Vincent Med. Servs., P.C. v Omni Indem. Co. (2022 NY Slip Op 50141(U))

[*1]

Vincent Med. Servs., P.C. v Omni Indem. Co.

2022 NY Slip Op 50141(U) [74 Misc 3d 131(A)]

Decided on February 18, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 18, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, DONNA-MARIE E. GOLIA,
JJ

2018-1277 K C

Vincent Medical Services, P.C., as Assignee
of Gederson Gedeon, Respondent,
against
Omni Indemnity Company, Appellant. 

Freiberg, Peck & Kang, LLP (Yilo J. Kang of counsel), for appellant.
The Rybak Firm, PLLC (Damin J. Toell of counsel), for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Rosemarie
Montalbano, J.), entered May 10, 2018. The order, insofar as appealed from, denied defendant's
motion for summary judgment dismissing the complaint.

ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and
defendant's motion for summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant
appeals from so much of an order of the Civil Court as denied defendant's motion which had
sought summary judgment dismissing the complaint on the ground, among others, that the action
was barred by the statute of limitations.
The affidavit of plaintiff's owner submitted in support of plaintiff's cross motion for
summary judgment asserted that the subject claim forms were submitted to defendant on or
before December 2, 2005, that the claims had not been paid and that statutory interest was to be
computed as of 30 days after each claims' submission. Consequently, the payment due date, as
implicitly alleged by plaintiff in its complaint and in the affidavit by plaintiff's owner, must be
deemed to have been in January 2006, that is, 30 days after receipt of the claim (see
Insurance Law § 5106 [a]; 11 NYCRR 65-3.8; Shtarkman v MVAIC, 20 Misc 3d 132[A], 2008 NY Slip Op
51447[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]). Plaintiff did not commence this
action until 2017, after the six-year statute of limitations for contract actions, which is applicable
to this cause of action (see CPLR 213 [2]; Mandarino v Travelers Prop. Cas. Ins. Co., 37 AD3d 775 [2007]),
had expired. As plaintiff raised no issue of fact as to the timeliness of the action, defendant's
motion to dismiss based on the statute of limitations should have been granted (see A.M. Med., P.C. v Continental Ins.
Co., 47 Misc 3d 128[A], 2015 NY Slip Op 50389[U] [App Term, 2d Dept, 2d, 11th
& 13th Jud Dists 2015]; DJS Med.
Supplies, Inc. v Clarendon Natl. Ins. Co., 32 Misc 3d 129[A], 2011 NY Slip Op
51304[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
Accordingly, the order insofar as appealed from, is reversed and defendant's motion for [*2]summary judgment dismissing the complaint is granted.
ALIOTTA, P.J., and GOLIA, J., concur.
ELLIOT, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 18, 2022